UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., a minor, by and through her guardian ad litem, SOLINA PRUETT, an individual,<br><br>Plaintiff,<br><br>v.<br><br>MERCED COUNTY OFFICE OF EDUCATION, NGHI HONG BUI, and DOES 1 through 50,<br><br>Defendants. | No.  1:24-CV-00216-KES-SAB<br><br>ORDER DENYING MOTION TO DISMISS AND MOTION TO STRIKE<br><br>(Docs. 16, 17, 18) |

Plaintiff E.P., a minor, by and through her guardian ad litem, Solina Pruett, ("Plaintiff" or "E.P.") alleges in the first amended complaint (1) violation of the Americans with Disabilities Act; (2) violation of Section 504 of the Rehabilitation Act of 1973; (3) negligent supervision; (4) negligent infliction of emotional distress; (5) intentional infliction of emotional distress; and (6) false imprisonment, against all defendants. Doc. 10.[1] On March 13, 2024, Defendant Merced County Office of Education ("Defendant" or "MCOE") moved to dismiss Plaintiff E.P.'s fifth and

---

[1] On February 23, 2024, Defendant MCOE filed a motion to dismiss and a motion to strike as to the initial complaint. Docs. 7, 8. Plaintiff subsequently filed her first amended complaint on February 28, 2024. Doc. 10. Defendant's initial motions to dismiss and to strike, Docs. 7 and 8, are therefore denied as moot.

1

sixth causes of action as to MCOE for failure to allege facts supporting liability against MCOE. Doc. 16. Defendant MCOE also moved to strike Plaintiff's request for declaratory and injunctive relief. Docs. 17, 18.[2] On March 26, 2024, Plaintiff opposed the motions. Docs. 22, 23. Defendant replied to the oppositions on April 5, 2024. Docs. 25, 26.

## I.       Factual Background[3]

E.P. is a five-year-old student with autism who attended Danielson School, operated by Defendant MCOE, during the school years 2021-2022 and 2022-2023. Doc. 10 at ¶ 7. MCOE operates a program for special needs students at the preschool level and is responsible for implementing a student's individualized education program through supervision and care of the students, as well as enforcing the rules and regulations necessary for the students' protection. *Id.* at ¶ 10.

Based on E.P.'s individualized education program, E.P. was placed with parental consent in a specialized preschool classroom for children with moderate to severe needs for five hours a day, five days per week, during the standard school year. *Id.* at ¶¶ 39–40. Defendant Nghi Hong Bui ("Bui") was E.P.'s preschool teacher for part of the 2022-2023 school year and was assisted by three teacher's aides including Kara Ramirez. *See id.* at ¶¶ 13, 46.

On October 18, 2022, Bui took E.P. to the restroom, yelled at E.P., physically interacted with E.P. in such a way that left redness on E.P.'s arms that did not fade until the end of the day, and made E.P. upset to the point of crying and throwing herself on the ground. *Id.* at ¶¶ 49–50. Later that day, Bui grabbed E.P.'s arm from behind while she was seated and held her down. *Id.* at ¶ 51.

On October 20, 2022, during playtime, E.P. was playing with a toy with her feet while seated in her chair. *Id.* at ¶ 54. Bui responded by grabbing E.P. from behind by her neck and shoulder while she was seated and forcing E.P. down into her chair until E.P.'s chest faced her

---

[2] Defendant MCOE filed duplicate copies of its motion to strike. *See* Docs. 17, 18. Defendant docketed Doc. 17 in error as a motion to dismiss, but that filing is a copy of its motion to strike filed at Doc. 18. Accordingly, the Court sua sponte strikes the duplicative filing at Doc. 17.

[3] This recitation of facts is taken from Plaintiff's first amended complaint. Doc. 10. These allegations are assumed to be true for purposes of the pending motions.

knees. *Id.* at ¶ 54. Bui released E.P. only when Ramirez yelled "Let her go!" *Id.* at ¶ 55. Teacher's aide Ramirez wrote an email advising MCOE of the incident and met with MCOE administration about the incident. *Id.* at ¶ 54. MCOE administration also spoke with Bui about the incident. *Id.*

On October 21, 2022, MCOE administration called the Merced Police Department regarding reports from teacher aides that Bui had been abusing the students in her classroom, with a particular focus on E.P. *Id.* at ¶ 46. The teacher aides reported that there had been three specific incidences of child abuse in late September and October against other students in E.P.'s class, in addition to the two incidents against E.P., and that at least two of the five incidents had been reported to MCOE. *Id.* at ¶¶ 47–48. Bui was arrested later that same day on one count of felony child abuse. *Id.* at ¶ 56.

During this time period, E.P. "was fearful of going to school, displayed some maladaptive behaviors, and her toilet training worsened whereas she had previously excelled." *Id.* at ¶ 58. Following Bui's arrest, Bui did not return to E.P.'s classroom. *Id.* at ¶ 59. MCOE did not bring up these incidents or offer services to address the abuse with E.P. or E.P.'s parents. *Id.* After Bui's removal, E.P.'s classroom had a substitute teacher present a few times a week along with the daily presence of the teacher aides. *Id.* at ¶ 60. In March 2023, a credentialed and qualified teacher was permanently assigned to E.P.'s classroom. *Id.*

Plaintiff filed the operative First Amended Complaint ("FAC") on February 28, 2024, and requested both declaratory and injunctive relief in paragraphs 164 and 165 as follows:

> 164. Order and declare that Defendants, individually and collectively, are violating the rights of Plaintiff Student under the Title II of the ADA, Section 504 of the Rehabilitation Act of 1973, California Government Code § 11135, California Education Code Section 49005 et seq., and state common law torts.
>
> 165. Enjoin Defendants, their successors in office, agents, employees and assigns, and all persons acting in concert with them, to:
>
> > a. Stop school officials and staff from the use of unauthorized and forceful physical and mechanical restraint of students in the special education classrooms; and
> >
> > b. Provide Student and similarly situated students with positive supports, services, accommodations, and modifications in lieu of

3

>behavioral restraints and seclusion so that they may enjoy full and equal access to Defendant MCOE's programs[.]

*Id.* at ¶¶ 164–65.

## II. Legal Standard

### A. Motion to Dismiss

A motion to dismiss for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure ("Rule") 12(b)(6) tests the legal sufficiency of a complaint. *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). Rule 8(a) requires that a pleading contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 677–78 (2009). Under federal notice pleading standards, the complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests[.]" *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (internal citation and quotations omitted). "This simplified notice pleading standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).

On a motion to dismiss, the factual allegations of the complaint must be accepted as true. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). A court must give the plaintiff the benefit of every reasonable inference to be drawn from the "well-pleaded" allegations of the complaint. *Retail Clerks Int'l Ass'n v. Schermerhorn*, 373 U.S. 746, 753 n.6 (1963). A plaintiff need not allege "'specific facts' beyond those necessary to state his claim and the grounds showing entitlement to relief." *Twombly*, 550 U.S. at 570 (internal citation omitted).

### B. Motion to Strike

Under Rule 12(f) of the Federal Rules of Civil Procedure, the Court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." The function of a motion to strike pursuant to Rule 12(f) is "to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi–Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010); *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, (1994).

4

**III.     Discussion and Analysis**

     **A.     Motion to Dismiss Claim V – Intentional Infliction of Emotional Distress**

The basis of Plaintiff's claim against Defendant MCOE for the intentional infliction of emotional distress ("IIED") is that California Government Code § 815.2 makes public entities "liable for injury proximately caused by an act or omission of an employee of the public entity within the scope of their employment." Doc. 10 at ¶ 133. Plaintiff alleges Bui, an employee of Defendant, was acting within the scope of her duties of teaching, monitoring, and taking E.P. to the restroom within the special education classroom when Bui committed IIED. *Id.* at ¶ 134. The crux of Defendant's motion to dismiss the IIED claim against MCOE is the assertion that a school district is not liable for the intentional torts of its employees because intentional torts are outside the scope of a teacher's employment. Doc. 16-1 at 7.[4]

Under California law, public employees are liable for the injuries they cause to the same extent as a private person, and a public employer is vicariously liable for the torts of its employees committed within the scope of their employment to the same extent as a private employer. Cal. Gov't Code §§ 815.2, 820; *C.A. v. William S. Hart Union High Sch. Dist.*, 138 Cal. Rptr. 3d 1, 6, (2012). Willful, malicious, and criminal torts may fall within the scope of employment for vicarious liability purposes, even if such torts are unauthorized by the employer, if there is a causal nexus between the employee's work and the tort committed. *See Lisa M. v. Henry Mayo Newhall Mem'l Hosp.*, 48 Cal. Rptr. 2d 510, 514 (1995); *Rodgers v. Kemper Constr. Co.*, 124 Cal. Rptr. 143, 150 (1975) (employee's conduct, a physical altercation between workers after hours but at worksite, was not so unusual or startling in that business context, and costs of tort should therefore be considered part of cost of doing business). "[I]n addition to such 'but for' causation, respondeat superior liability requires the risk of the tort to have been engendered by, 'typical of or broadly incidental to,' or, viewed from a somewhat different perspective, 'a

---

[4] Defendant additionally argues that MCOE cannot be held directly liable as a public entity is incapable of the malicious intent necessary for an IIED claim or a false imprisonment claim. Doc. 16-1 at 11. However, Plaintiff brings the IIED and false imprisonment claims against Defendant for the tortious actions of Bui *only* under a theory of vicarious liability. *See* Doc. 10 at 27-32; Doc. 22 at 5, 12–13. Therefore, the Court addresses only the sufficiency of Plaintiff's theory of vicarious liability for IIED and false imprisonment, as pleaded in Plaintiff's complaint.

generally foreseeable consequence of,' [a defendant's] enterprise." *Lisa M.*, 48 Cal. Rptr. 2d at 514. A tort "will not be considered engendered by the employment unless its motivating emotions were fairly attributable to work-related events or conditions." *Id.* at 516.

Whether an employee's actions were within the scope of employment is ordinarily a question of fact for the fact finder. *Id.* at 514; *see also Mary M. v. City of L.A.*, 285 Cal. Rptr. 99, 105 (1991) (whether police officer's sexual assault was action taken within scope of employment was question for jury).

Plaintiff alleges Bui committed the tort of IIED while conducting the duties of her employment as E.P.'s teacher. Doc. 10 at ¶ 139. Specifically, Plaintiff alleges the incident of secluding E.P. in the restroom, while yelling and physically leaving marks on E.P.'s arm such that the redness faded only later in the day, was an outrageous administration of Bui's responsibilities to assist E.P. with toilet training. *Id.* at ¶ 49. Plaintiff further alleges that Bui's grabbing of E.P. by the neck and shoulders from behind, forcing E.P. down into her chair until her chest was facing her knees, and only releasing E.P. when a teacher's aide shouted at her to let E.P. go, was an outrageous method for correcting how E.P. was playing with a toy during playtime. *See id.* at ¶¶ 54, 134.

In *Mary M.*, the Supreme Court of California found that where an officer stopped an individual for erratic driving while on duty, ordered her into his police car, and threatened to arrest her before committing sexual assault, the employer could be held vicariously liable because the tort was an outgrowth of the police officer's exercise of his authority. 285 Cal. Rptr. at 107–09. However, simply using the employer's resources to commit unlawful acts is insufficient by itself; the impetus for the illegal act must be connected to the work completed for the employer. *Perry v. Cty. of Fresno*, 155 Cal. Rptr. 3d 219, 226 (Ct. App. 2013).

As alleged in the first amended complaint, Bui was acting under the authority granted by Defendant to supervise and manage E.P.'s classroom. Doc. 10 at ¶ 13. The specialized education teacher's routine duties included taking E.P. and other students to the restroom and stopping E.P. and other students from playing with toys in inappropriate ways. *See id.* at ¶ 54. Bui's interactions with E.P. were not merely on employer property and they were not independent from

1   Bui's work-related duties; rather, Bui is alleged to have outrageously used force and other
2   inappropriate conduct against E.P. in carrying out those duties. As alleged, the IIED is directly
3   related to Bui's employment as E.P.'s teacher and her inappropriate use of her disciplining
4   authority in the student-teacher relationship. *See Lisa M..*, 48 Cal. Rptr. 2d at 516 (motivation for
5   alleged tort must arise from work done for employer).

6   Defendant attempts to distinguish *Mary M.* from the present action because Bui as a
7   teacher had much less authority than the police officer in *Mary M.* Doc. 25 at 6–7. Defendant
8   also argues that in *John R. v. Oakland Unified Sch. Dist.*, 256 Cal. Rptr. 766, 775 (Cal. 1989), the
9   California Supreme Court determined that school districts could not be held vicariously liable for
10  the intentional torts of their employees. *See* Doc. 25 at 7. This overstates the holding of *John R.*,
11  which held that a school district could not be held liable for a teacher's sexual assault of a student
12  off campus. *John R.*, 256 Cal. Rptr. at 775. The Court does not read *John R.* to preclude a school
13  district from being held vicariously liable for any intentional tort of a teacher under any
14  circumstances. *John R.* concerned a teacher's sexual assault on a student – an act with no relation
15  to the employer's interests. *See id.* at 771 ("A more personal escapade less related to an
16  employer's interests is difficult to imagine"). In contrast, the allegations in this case are that a
17  teacher verbally and physically abused a student in the classroom and on school premises while
18  carrying out the teacher's duties – essentially, that Bui acted in an outrageous and improper
19  manner in disciplining E.P. Unlike *John R.*, this case involves allegations of child abuse in the
20  classroom in an improper tortious extension of Bui's role as E.P.'s teacher. *See E.P. v. Tehachapi*
21  *Unified Sch. Dist.*, No. 1:23-cv-01724-JLT-CDB, 2024 WL 1722335, at *3 (E.D. Cal. Apr. 19,
22  2024) (teacher's verbal and physical of abuse of child with autism was tortious outgrowth of
23  teacher's expected exercise of discipline).

24  The Court finds Plaintiff's complaint sufficiently alleges Bui's employment duties with
25  MCOE formed the causal nexus and motivation for Bui's tortious actions against E.P. such that
26  MCOE could be found liable under the doctrine of vicarious liability. Accordingly, Defendant's
27  motion to dismiss Plaintiff's fifth cause of action is denied.
28

**B.     Motion to Dismiss Claim VI – False Imprisonment**

Plaintiff alleges Defendant MCOE is liable for Bui's tort of false imprisonment under the doctrine of vicarious liability.  Doc. 10 at ¶ 148.  Defendant disputes this liability based on its argument that under *John R.* Defendant is not liable for an intentional tort by a teacher.  Doc. 16 at 9–10.  The Court finds this argument fails for the same reasons as with the IIED claim.  The allegations of false imprisonment stem from Bui's employment and duties as E.P.'s teacher and are sufficiently related to those duties to state a claim against MCOE based on vicarious liability. *See* Doc. 10 at ¶¶ 49–50, 54.

Defendant additionally argues that Plaintiff's claim for false imprisonment fails because the conduct alleged in the incidents of Bui restraining E.P. in the restroom, and of Bui pushing and holding E.P. down in her classroom seat, "even if proven true, . . . cannot be deemed 'without lawful privilege' and 'outrageous'" under California Education Code Section 49005.4.  Doc. 16 at 10.  California Education Code § 49005.4 states that "[a]n educational provider may use seclusion or a behavioral restraint only to control behavior that poses a clear and present danger of serious physical harm to the pupil or others that cannot be immediately prevented by a response that is less restrictive."

Under the alleged facts, there is no basis on which to find as a matter of law the "clear and present danger" required under § 49005.4 to support an educational provider's use of force.  As alleged in the complaint, Teacher's Aide Ramirez intended to verbally correct E.P., a five-year old, for playing with a toy in an inappropriate manner during playtime. *See* Doc. 10 at ¶ 54.  Instead, Defendant Bui grabbed E.P. from behind by the neck and shoulders while E.P. was seated and physically forced her upper body down until her chest was facing her knees. *Id.* at ¶ 55.  Bui released E.P. only when Ramirez yelled "Let her go." *Id.*  The complaint's allegations also sufficiently assert that Bui improperly restrained E.P. when taking her to the bathroom by yelling at E.P. and using physical contact with E.P. such that E.P.'s arms showed redness afterward that only faded throughout the day.  There are no facts alleged that suggest E.P. posed a danger of serious physical harm to herself or others during these incidents to warrant such restraint or physical force.  Therefore, in taking all allegations as true for the purposes of this

8

motion, the Court does not find that California Educational Code § 49005.4 bars Plaintiff from recovering on her false imprisonment claim against Defendant.

Accordingly, Defendant's motion to dismiss Plaintiff's sixth cause of action is denied.

### C.     Motion to Strike Prayers for Declaratory Judgment and Injunctive Relief

Defendant MCOE moves to strike Plaintiff's prayers for a declaratory judgment and for injunctive relief. As Defendant fails to establish a basis under Rule 12(f) to strike Plaintiff's prayers for declaratory or injunctive relief, the Court finds that Defendant's motion to strike should be denied. In *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 974 (9th Cir. 2010), the Ninth Circuit held that a prayer for damages cannot be struck under Rule 12(f) because a prayer for damages is not an insufficient defense, redundant, immaterial, impertinent, or scandalous. The claim for damages in *Whittlestone* was not immaterial "because whether these damages are recoverable relates directly to the plaintiff's underlying claim for relief[.]" *Id*. *Whittlestone* concludes "[w]e therefore hold that Rule 12(f) does not authorize district courts to strike claims for damages on the ground that such claims are precluded as a matter of law." *Id.* at 974–75.

Defendant argues *Whittlestone* is inapplicable because the moving party in that case was seeking to strike a prayer for damages, while Defendant seeks to strike Plaintiff's prayers for declaratory and injunctive relief. Doc. 26 at 6. The Court does not find this distinction significant. *Whittlestone* did not indicate that the type of prayer for relief formed the basis of the decision; rather, the decision was based upon the plain language of Rule 12(f). *See* 618 F.3d at 974. While *Whittlestone* did not specifically address motions to strike prayers for declaratory or injunctive relief, its reasoning extends to such requests for relief. *See Grayson v. County of Marin*, No. 14-cv-05225-JST, 2015 WL 720830, at *2 (N.D. Cal. Feb. 18, 2015) (*Whittlestone*'s reasoning extends to requests for injunctive relief); *McGuire v. Recontrust Co., N.A.*, No. 2-11-cv-2787-KJM-CKD, 2013 WL 5883782, at *3 (E.D. Cal. Oct. 30, 2013) (*Whittlestone*'s reasoning extends to plaintiff's requests for equitable relief).

Accordingly, Defendant's motion to strike Plaintiff's prayers for declaratory and injunctive relief is denied.

**IV.     Conclusion and Order**

Based upon the foregoing, Defendant MCOE has failed to meet its burden to demonstrate Plaintiff's claims for IIED and false imprisonment should be dismissed under Rule 12(b)(6). Defendants have also failed to show that Plaintiff's prayers for declaratory and injunctive relief should be stricken under Rule 12(f).

Accordingly,

1. Defendant MCOE's motion to dismiss, Doc. 16, is denied.
2. Defendant MCOE's motion to strike, Doc. 18, is denied.
3. Defendant MCOE's initial motions to dismiss and to strike, Docs. 7 and 8, are denied as moot.
4. Doc. 17 is stricken as a duplicative filing.

IT IS SO ORDERED.

Dated:   May 4, 2024

UNITED STATES DISTRICT JUDGE