# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| E.P., *a minor, by and through her guardian ad litem, Solina Pruett, an individual*,<br><br>Plaintiffs,<br><br>v.<br><br>MERCED COUNTY OFFICE OF EDUCATION, et al.,<br><br>Defendants. | Case No. 1:24-cv-00216-KES-SAB<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING APPROVING STIPULATION FOR MINOR'S COMPROMISE<br><br>(ECF No. 52) |

Currently before the Court is a stipulation for minor's compromise filed by the parties. (ECF No. 52.) As this matter involved an initial state court approval, the Court issues this findings and recommendations without a hearing. L.R. 202(b)(1). Having reviewed the record, the state court documents and orders, and the relevant precedent, the Court will recommend approving the minor's compromise.

## I.

## BACKGROUND

Plaintiff E.P. is a four-year-old student who is eligible for special education under the qualifying category of autism. (ECF No. 1, pp. 9, 12.)[1] Specifically, E.P. has deficits in expressive and receptive language, articulation, social/emotional functioning, behavior, adaptive

[1] The factual background is derived from the complaint, which was included, but not annexed, to the notice of removal. For clarity, the Court cites to the actual PDF page number.

living skills, pre-academic skills, and fine motor skills. (Id. at p. 12.) For the 2021-22 school year, E.P. have an individualized family service plan. (Id.) E.P. received GROW Program Early Intervention child development services from the Merced County Office of Education ("MCOE"), behavior services through a private program called Spectrum Pride, and Central Valley Regional Center service coordination. (Id. at pp. 12-13.)

In February 2022, E.P. was evaluated, and it was indicated that E.P. "'presented with a moderate-to-severe level of characteristics of an autism spectrum disorder across all settings' and that she met eligibility criteria for special education services based on the criteria for Autism." (Id. at p. 13.) Also in February 2022, the Merced City School District ("the District") and E.P. convened on E.P.'s initial individualized education program ("IEP"), including setting goals in communication, emotional behavior, social behavior, vocational behavior, pre-academic/fine motor behavior, and self-help/adaptive skills. (Id.) The District offered to E.P. placement in a special day class operated by MCOE. (Id. at pp. 13-14.)

During the 2022-23 school year, E.P. began having behavioral challenges. On October 21, 2022, the Merced Police Department responded to the school regarding reports of child abuse. (Id. at p. 14.) Specifically, the police took a report from a teacher's aid who reported abuses occurring in the classroom by the teacher, including abuses against E.P. (Id.) The police contacted E.P.'s parents to advise them of the abuse against E.P. and of the arrest of E.P.'s teacher. (Id. at p. 17.) Thereafter, MCOE did not convene an IEP team to discuss the incident or to offer E.P. any services to address the abuse. (Id.) Though E.P.'s teacher was removed from the classroom, E.P. was not provided with another credentialed and qualified teacher from October 2022 through March 2023. (Id.) Instruction during that time was left to aides and occasional substitute teachers. (Id.) MCOE failed to implement E.P.'s IEP, which required 1,500 minutes per week of specialized academic instruction. (Id.)

On December 11, 2023, E.P. brought an action against Defendant MCOE, Nghi Hong Bui, and doe defendants 1 through 50 in California Superior Court, Merced County. (Id. at p. 8.) E.P. brought six causes of action: 1) violation of the Americans with Disabilities Act; 2) violation of Section 504 of the Rehabilitation Act of 1973; 3) negligent supervision; 4) negligent

inflection of emotional distress; 5) intentional infliction of emotional distress; and 6) false imprisonment. (Id.) Defendants removed that action to this Court on February 16, 2024. (ECF No. 1.)

On July 1, 2025, the parties filed a notice of settlement in this Court. (ECF No. 35.) Thereafter, the parties sought various extensions to file a minor's compromise, informing the Court that they were in the process of seeking approval in the state courts before being able to move in this Court. (ECF Nos. 38, 40, 44, 46, 48, 50.) On October 29, 2025, Plaintiff's counsel for the establishment of the special needs trust, The Urbatsch Law Firm, filed a petition to establish the special needs trust with the Merced Superior Court. (ECF No. 44, p. 2.) The Merced Superior Court assigned this matter Case Number 25PR-00436, and set a hearing date of March 2, 2026, to hear the Petition for Special Needs Trust. (Id.) On October 30, 2025, E.P's guardian filed the petition for minor's compromise with the Merced Superior Court. (Id.) The Merced Superior Court assigned this matter Case Number 23CV-04603. (Id.) On November 4, 2025, Plaintiff notified this Court that Plaintiff had filed the petition for minor's compromise with the Merced Superior Court, and that the Merced Superior Court had set a hearing date of November 7, 2025. (Id.)

On November 7, 2025, Plaintiff filed a supplement to the petition for minor's compromise (Case No. 23CV-04603), notifying the Merced Superior Court of this Court's order directing Plaintiff to comply with Local Rule 202(b)(1). (Id. at p. 3.) On November 7 and 19, 2025, the Merced Superior Court held a hearing on the petition for minor's compromise. (Id.) On November 21, 2025, through The Urbatsch Law Firm, Plaintiff filed a supplement to the petition for special needs trust (Case No. 25PR-00436). (Id.) That same day, through Ruderman & Knox, Plaintiff filed another supplement to the petition for minor's compromise (Case No. 23CV-04603), regarding the Merced Superior Court's authority to issue a ruling on the petition for minor's compromise before a ruling on the petition for special needs trust. (Id.)

On November 25, 2025, the Merced Superior Court issued an order approving the petition for minor's compromise. (Id.) On April 15, 2026, the petition to establish a special needs trust was approved at the hearing. (ECF No. 50, p. 3.) On June 9, 2026, the parties filed a

stipulation of a minor's compromise in this Court. (ECF No. 52.)

**II.**

**LEGAL STANDARD**

Local Rule 202(b) states that "[n]o claim by or against a minor or incompetent person may be settled or compromised absent an order by the Court approving the settlement or compromise." An application for approval of a proposed settlement or compromise involving state court approval is covered by Local Rule 202(b)(1):

> In actions in which the minor or incompetent is represented by an appointed representative pursuant to appropriate state law, excepting only those actions in which the United States courts have exclusive jurisdiction, the settlement or compromise shall first be approved by the state court having jurisdiction over the personal representative. Following such approval, a copy of the order and all supporting and opposing documents filed in connection therewith shall be filed in the District Court with a copy to all parties and to the Judge or Magistrate Judge who may either approve the settlement or compromise without hearing or calendar the matter for hearing.

"District courts have a special duty, derived from Federal Rule of Civil Procedure 17(c), to safeguard the interests of litigants who are minors." Robidoux v. Rosengren, 638 F.3d 1177, 1181 (9th Cir. 2011). "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor.'" Robidoux, 638 F.3d at 1182. The Ninth Circuit has directed that "[s]o long as the net recovery to each minor plaintiff is fair and reasonable in light of their claims and average recovery in similar cases, the district court should approve the settlement as proposed by the parties." Id. However, in Robidoux, the Ninth Circuit cautioned that this inquiry "requires only that the district court consider whether the net recovery of each minor plaintiff is fair and reasonable, without regard to the amount received by adult co-plaintiffs and what they have agreed to pay plaintiffs' counsel." Id. at 1182 (discussing that district court erred in denying settlement based solely on the proportion of the settlement going to plaintiffs' counsel).

/ / /

/ / /

## III.

## DISCUSSION

Though the parties initially provided the Court, in a status report, with "a copy of the order and all supporting and opposing documents filed in connection therewith," the Court noted that the parties had not moved for relief, nor had they specifically addressed the remaining requirements of Local Rule 202, which includes addressing the issues of disclosure of attorney's interest, payment of judgment, and interim disbursements. (ECF No. 51.) Thus, the Court directed the parties to move, or stipulate, for approval of a minor's compromise, addressing the issues identified by the Court to extent they were relevant. (Id.) On June 9, 2026, the parties filed a stipulation, addressing the Court's concerns along with incorporating the state court documents already filed on the docket. (ECF No. 52.)

The Court begins by identifying on the docket and discussing the Merced Superior Court's orders approving the minor's compromise and granting petition to establish special needs trust. On November 25, 2025, Superior Court entered an order approving the minor's compromise. (ECF No. 44-5, Case No. 23CV-04603.) In that order, the court noted that hearing had taken place on November 7, 2025, and that the claimant, E.P., was a minor. (Id.) The court authorized attorney's fees in the amount of $23,750.00 and reimbursement of expenses in the amount of $2,800.65, for a total of $26,550.65. (Id.) The court noted that the balance of the settlement to E.P. after fees and expenses was $68,449.35. (Id.) For distribution, the Court stated that, "E.P.'s entire net settlement will be placed in a special needs trust for E.P.'s benefit. The petition to establish the special needs trust is being filed by the Urbatsch Law Firm, P.C. in Merced County Superior Court. Pending approval of the special needs trust, E.P.'s net settlement proceeds shall be held in the attorney-client trust account of Ruderman & Knox, LLP." (Id.)

On April 15, 2026, Superior Court entered an order establishing, joining, and authorizing the funding of a sub-account for E.P. into the California Charities Pooled Special Needs Trust; setting bond; authorizing expanded investment power; authorizing interim trustee fees; and authorizing attorney fees and costs. (ECF No. 50-1, Case No. 25PR-00436.) In the order, the

court noted that hearing was held on the matter on April 15, 2026, as required by California law. (Id.) The court ordered that all monies due to E.P., $78,000.00,[2] shall be paid to the sub-account of California Charities Pooled Trust established for E.P., and noted that the trust documents were attached to the order. (Id.) The court ordered that Charities Pooled Trust Institute shall receives interim trustee fees of $150 per month, plus an additional itemized trustee services based on the rate of $150 per hour, and one-time set-up fee of $1,000, "to be reviewed by the [Superior] Court during each account and report." (Id.) Thereafter, the court discussed investing parameters, supervision of the trust by the Probate Department of San Diego County Superior Court, the reporting schedule for the trust, and that the trustee is authorized and directed to pay the Urbatsch Law Firm, P.C. in the amount of $1,912.50 for services rendered plus $435.00 for costs. (Id.)

The Court observes that the minor's claims are based on the injury she suffered when she was four years old in 2022-23, suffering abuse in her classroom by her teacher as well as inadequate instruction. Plaintiff and Defendant have agreed to a dismissal of this federal action in light of the approval of the minor's compromise and granted petition for special needs trust in the state courts. (ECF No. 52.)

Having considered the stipulation and the state court documents and orders, the Court finds that the minor's compromise authorized in state court was fair and reasonable and that there is a special needs trust is in place to help effectuate the compromise. Furthermore, the Court finds that Defendants have complied with Local Rule 202, to the extent the Rule applies in this matter. (Id.)

## IV.

## CONCLUSION AND RECOMMENDATION

Based on the foregoing, IT IS HEREBY RECOMMENDED that the parties' stipulation for approval of a minor's compromise be APPROVED, pursuant to the terms and conditions set

---

[2] As explained in a supplement to the petition for special needs trust, bond will be filed in the amount of $78,000 based on the following calculation: current net amount to the Trust is $68,449.35 plus $2,053.48 of total annual income (at 3%), and $7,050.28 for recovery of bond, rounded to the next thousand. Prob. Code §2320(c)(4); Calif. Rule of Court 7.207. (ECF No. 44-3, p. 3.)

forth in the order of the Merced Superior Court, and this matter be CLOSED.

These findings and recommendations are submitted to the District Judge assigned to this action, pursuant to 28 U.S.C. § 636(b)(1)(B) and this Court's Local Rule 304. Within fourteen (14) days of service of this recommendation, any party may file written objections to these findings and recommendations with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."

Absent leave of the Court, any objections shall not exceed **fifteen (15) pages** and, absent good cause and leave of the Court, shall be limited to arguments previously presented by the parties or ruled upon by the Court, and shall not cite any new authority which could have been cited at the time of the filing.

The district judge will review the magistrate judge's findings and recommendations pursuant to 28 U.S.C. § 636(b)(1)(C). The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014), citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **August 28, 2026**

STANLEY A. BOONE
United States Magistrate Judge